IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

THERESA FISHER AND JERRY FISHER,

     Plaintiffs,

v.

     Case No.: 3:21cv152-MPM-JMV
     JURY DEMANDED

BLAZIN WINGS, INC.,

     Defendant.

## COMPLAINT

COME NOW the Plaintiffs, by and through the undersigned attorneys of record, and for the cause of action against Defendant would respectfully state as follows.

## PARTIES

1. Plaintiff Theresa Fisher is an adult resident of DeSoto County, MS. At all material times, Plaintiff Theresa Fisher was and is married to Plaintiff Jerry Fisher, and they lived together as husband and wife.

2. Plaintiff Jerry Fisher is an adult resident of DeSoto County, MS. At all material times, Plaintiff Jerry Fisher was and is married to Plaintiff Theresa Fisher, and they lived together as husband and wife.

3. Defendant Blazin Wings, Inc. is a Minnesota corporation with its principal place of business located at 5500 Wayzata Blvd. Suite 1250, Minneapolis, MN 55416. At all material times, Defendant Blazin Wings, Inc. owned, operated and managed a restaurant known as Buffalo Hot Wings, located at 7995 Craft-Goodman Frontage Rd., Olive Branch, MS 38654. Defendant Blazin

1

Wings, Inc. operates its restaurant through the use of employees, agents or contractors who perform services within the course and scope of their employment, apparent authority, agency, or contract to act for Defendant Blazin Wings, Inc. Its registered agent for service of process is Corporation Service Company, 7716 Old Canton Rd, Suite C, Madison, MS 39110.

## VENUE AND JURISDICTION

4.   Venue is proper in this district pursuant to 28 U.S.C. § 1391, because a substantial part of the events and omissions giving rise to Plaintiffs' cause of action occurred in this district.

5.   This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, because the amount in controversy as to Plaintiffs exceeds $75,000.00, exclusive of interest and costs, and because there is complete diversity of citizenship between Plaintiffs and Defendant.

6.   This Complaint is filed within the applicable statute of limitations.

7.   Defendant Blazin Wings, Inc. was properly served with process.

## DEFINITIONS

8.   Whenever in this lawsuit it is alleged that Defendant acted or failed to act, it shall mean that the Defendant's officers, agents and employees acted or failed to act within the course and scope of their official capacity as an officer, agent, or employee.

## NATURE OF DEFENDANT'S LIABILITY

9.   Defendant Blazin Wings, Inc. is directly liable for its own corporate negligence as well as for the acts and omissions of its servants, employees, and agents by virtue of the doctrines of agency, apparent agency, implied agency, employer/employee relations, master servant relations, loaned servant relations, joint venture, joint and several liability, respondeat superior, vicarious liability and contract.

2

## FACTUAL ALLEGATIONS

Plaintiffs incorporate by reference as if fully set forth verbatim each and every allegation in the Complaint.

10. At all relevant times herein, Defendant Blazin Wings, Inc. owned, managed and operated a restaurant known as Buffalo Wild Wings, located at located at 7995 Craft-Goodman Frontage Rd., Olive Branch, MS 38654 (hereinafter the "restaurant" or the "premises").

11. Defendant Blazin Wings, Inc.'s restaurant operation is supported on the basis of business invitees. Upon information and belief, Defendant, through various advertising media, solicits the business of individuals, including Plaintiffs, and invites all members of the general public, including Plaintiffs, to its premises for the purpose of dining therein.

12. To enter and exit the restaurant, patrons must walk through an enclosed vestibule that has two sets of doors: one set opening from outdoors and a second set opening into the restaurant.

13. On February 28, 2021, Plaintiffs were business invitees of Defendant at Buffalo Wild Wings.

14. Plaintiffs entered the restaurant at approximately 11:15 a.m. to have lunch and remained there for approximately one hour.

15. Unbeknownst to Plaintiffs, while they were having their meal, the floor in the vestibule became wet and slippery, thereby creating a dangerous condition on the premises.

16. As Plaintiffs were attempting to leave the restaurant at approximately 12:20 p.m., Plaintiff Theresa Fisher slipped on the wet floor in the vestibule and fell to the floor.

17. As a direct and proximate result of the fall, Plaintiff Theresa Fisher sustained severe injuries that required medical attention.

18. There were no signs warning of the wet floor positioned inside the restaurant or vestibule before Plaintiff Theresa Fisher slipped and fell.

19. Plaintiff Theresa Fisher did not know the floor was wet before she slipped and fell.

20. Plaintiff Theresa Fisher did nothing to cause the fall or her resulting injuries.

21. At all relevant times, the premises was controlled and maintained by Defendant.

22. At all relevant times, Defendant knew or should have anticipated that members of the public, including Plaintiff Theresa Fisher, would walk through the vestibule to enter and exit the restaurant.

23. At all relevant times, Defendant was required to inspect for defects and dangerous conditions that existed on the premises.

24. Defendant either created the dangerous condition or knew or should have known of the dangerous condition, and it failed to take action to either remedy the condition or warn of the condition before Plaintiff Theresa Fisher slipped and fell.

## LIABILITY

Plaintiffs incorporate by reference as if fully set forth verbatim each and every allegation in the Complaint.

25. Defendant owed a duty to Plaintiff Theresa Fisher to act reasonably and to use ordinary care under the circumstances alleged herein.

26. Defendant breached its duty to act reasonably and to use ordinary care under the circumstances in the following ways without limitation:

   a. Failure to maintain the premises with the degree of care and caution required of a reasonable and prudent person under similar circumstances;

   b. Failure to properly maintain the premises in a reasonable and safe condition;

4

    c.   Failure to inspect the premises for a dangerous condition in a timely manner;

    d.   Failure to identify, remove or repair a dangerous condition on the premises;

    e.   Failure to implement and follow policies and procedures to keep the premises in a reasonable and safe condition; and

    f.   Failure to timely warn patrons, including Plaintiffs, of the dangerous condition.

27. Defendant created a dangerous condition on the premises by maintaining it in a manner that threatened the safety of its patrons, including Plaintiff Theresa Fisher.

28. In the alternative, Defendant knew of the dangerous condition on the premises and failed to remove, correct or warn Plaintiff Theresa Fisher of the dangerous condition.

29. Further in the alternative, Defendant should have identified and removed, corrected or adequately warned of the dangerous condition on the premises before Plaintiff Theresa Fisher slipped and fell.

## DAMAGES

Plaintiffs incorporate by reference as if fully set forth verbatim each and every allegation in the Complaint.

30. As a direct and proximate result of the negligent acts and omissions of Defendant alleged in this lawsuit, Plaintiff Theresa Fisher suffered injuries and damages. She seeks compensation from Defendant for any damages to which she is entitled under the law, including, but not limited to:

    a.   Physical pain and suffering – past and future;

    b.   Mental pain and suffering – past and future;

    c.   Loss of enjoyment of life – past and future;

    d.   Scarring & disfigurement;

    e.   Medical bills and expenses – past and future;

    f.   Lost wages;

    g.   Post-judgment interest;

    h.   Statutory and discretionary costs; and

    i.   All such further relief, both general and specific, to which she may be entitled under the premises.

31. Pursuant to MISS. CODE. ANN. § 93-3-1 and Mississippi common law, Plaintiff Jerry Fisher is entitled to assert a separate claim for loss of consortium with respect to his wife, Plaintiff Theresa Fisher.

32. As a direct and proximate result of the acts and omissions of the Defendant, Plaintiff Jerry Fisher has suffered injuries and damages. The injuries for which he seeks compensation from Defendant include, but are not limited to:

    a.   Loss of consortium; and

    b.   All such further relief, both general and specific, to which he may be entitled under the premises.

**PRAYER FOR RELIEF**

33. WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that this Honorable Court enter a judgment against Defendant for the following:

    a.   Compensatory damages in an amount to be determined by a jury;

    b.   Post-judgment interest;

    c.   All costs and expenses associated with this action; and

    d.   Any and all such further relief to which Plaintiffs may be entitled under the premises.

34. **Plaintiffs respectfully demand a jury**.

Respectfully submitted,

BAILEY & GREER, PLLC

s/Thomas R. Greer
Thomas R. Greer (#105164)
Bailey & Greer, PLLC
6256 Poplar Avenue
Memphis, TN 38119
Phone: (901) 680-9777
Fax: (901) 680-0580
trgreer@baileygreer.com

7